UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

    MARIA BLONDIN ROMO,                     Case No. 17-21440-dob
        Debtor.                                           Chapter 7 Proceeding
                                                            Hon. Daniel S. Opperman
_____/
MEENA RAMANI and SUBHASH RAMANI,
        Plaintiffs,

v.                                                                    Adversary Proceeding
                                                            Case No. 17-2107-dob

MARIA BLONDIN ROMO,
        Defendant.
_____/

## OPINION GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

The Plaintiffs, Meena and Subhash Ramani, refinanced Defendant, Maria Romo's, educational loan and now seek to have this Court determine that the debt owed to them is excepted from discharge. Ms. Romo denies they are entitled to that relief. Because this debt fits within the requirements of 11 U.S.C. § 523(a)(8), the Court grants the Plaintiffs' Motion for Summary Judgment.

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and E.D. Mich. LR 83.50. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts).

The issues in this adversary proceeding arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, 564 U.S. 462 (2011), and later in *Executive Benefits Ins. Agency v. Arkison*, --- U.S. --- , 134 S. Ct. 2165, 189 L. Ed. 2d 83 (2014). *See also Waldman v.*

1

*Stone*, 698 F.3d 910 (6th Cir. 2012).

## Findings of Fact

The Defendant obtained a bachelor's degree from Saginaw Valley State University and a master's degree from the University of Michigan, but in doing so she incurred significant student loan debt. The United States Department of Education offered to forgive a significant amount of this debt if she paid it $105,000.00. She did not have that amount of money, but her in-laws, Mr. and Ms. Ramani, did and they paid the debt for her. The documentation evidencing this transaction, however, is scarce and consists of the following handwritten note on a receipt that the Plaintiffs produced in support of their action:

```
$     400 every two weeks
$  21,550
$105,000
```

It is not clear who wrote these three lines, but the second line is the amount all parties agreed was paid by the Defendant to the Plaintiffs over the last few years.

The Defendant is now the former daughter-in-law of the Plaintiffs because she divorced their son. She stopped making the $400.00 bi-weekly payments, so the Plaintiffs sued her in the Saginaw County Circuit Court ("Saginaw Action"). Pertinent parts of that complaint state:

> 6. In 2012, the Defendant was known by the name of Maria Romo. Defendant owed student loans to the United States Department of Education. The student loans were due and payable to the United States Department of Education.
>
> 7. In 2012, Plaintiffs knew of Defendant's loan situation and discussed with the Defendant the loan amounts that were due to the United States Department of Education.
>
> 8. In order to save Defendant interest and other costs, the Plaintiffs agreed to loan to Defendant a pre-negotiated sum certain of $105,000.00, which paid would off [sic] in full the Defendant's student loans.
>
> 9. Prior to the payoff for the student loan actually being completed, and in furtherance of the agreement between the parties the Defendant promised to pay the Plaintiffs the $105,000, the loaned sum, at $400.00 every two weeks until the

amount of $105,000.00 was paid in full.

>    10.    On June 8, 2012, Plaintiffs caused to be drafted a check made payable to United States Department of Education for the benefit of the Defendant, Maria Romo, the sum of $105,000.00. A copy of the receipt from the bank check for $105,000.00, is attached to this Complaint and made a part hereof and is marked Exhibit "A".
>
>    11.    At the time the amount of $105,000.00 was accepted by Defendant as a payoff of her student loans with the United States Department of Education and the check was sent into the United States Government Department of Education in full payment of Defendant's student loans.
>
>    12.    Thereafter the Defendant acknowledged her indebtedness to the Plaintiffs and made regular payments over a period of years which totaled $21,550.00.
>
>    13.    The amount of $83,450.00, is still due and owing to the Plaintiffs by the Defendant and Defendant has stopped paying Plaintiffs the sums due and owing.
>
>    14.    A demand has been mailed to the Defendant for the total amount of $83,450.00, which demand has been neglected and ignored by the Defendant. A copy of the Demand Letter sent to Defendant is attached to this Complaint and made a part hereof and marked Exhibit "B".

Ms. Romo did not answer this complaint, so the Saginaw County Circuit Court entered a judgment in the amount of $84,312, plus interest on April 5, 2017 ("April Judgment"). Ms. Romo did not appeal this judgment, but filed a petition with this Court seeking Chapter 7 relief on July 17, 2017. The Plaintiffs filed their Complaint seeking a determination of the dischargeability of the debt owed to them.

Applicable Law

<u>Summary Judgment Standard</u>

Federal Rule of Civil Procedure 56 is made applicable in its entirety in bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56(a) provides that summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The moving party bears the burden of

3

17-02107-dob    Doc 26    Filed 05/14/18    Entered 05/14/18 13:48:05    Page 3 of 8

showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). "A 'genuine' issue is one where no reasonable fact finder could return a judgment in favor of the non-moving party." *Chudzinski v. Hanif (In re Hanif)*, 530 B.R. 655, 663 (Bankr. E.D. Mich. 2015) (quoting *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).

The burden shifts to the non-moving party once the moving party has met its burden, and the non-moving party must then establish that a genuine issue of material fact does indeed exist. *Janda v. Riley-Meggs Indus., Inc.*, 764 F. Supp. 1223, 1227 (E.D. Mich. 1991). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts. If the record taken in its entirety could not convince a rational trier of fact to return a verdict in favor of the non-moving party, the motion should be granted." *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 149-50 (6th Cir. 1995).

<u>Collateral Estoppel</u>

Collateral estoppel is applicable in bankruptcy dischargeability proceedings. *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991) and can apply even when the judgment at issue was a default judgment. *Bay Area Factors v. Calvert (In re Calvert)*, 105 F.3d 315, 317 (6th Cir. 1997). However, a bankruptcy court must determine whether applicable state law would give collateral estoppel effect to the state court decision. *Id.* at 317. Thus, the Court must assess whether the elements of collateral estoppel are met here.

Those elements are as follows: collateral estoppel bars re-litigation of an issue in the following circumstance: the new action is between the same parties or their privies; the earlier proceeding led to a valid final judgment; when the issue in question was actually and necessarily determined in the prior proceeding; and the parties had a full and fair opportunity to litigate the issue

4

17-02107-dob    Doc 26    Filed 05/14/18    Entered 05/14/18 13:48:05    Page 4 of 8

in the earlier proceeding. *Leahy v. Orion Twp.*, 269 Mich. App. 527, 530, 711 N.W. 2d 438 (2006). However, the party seeking to apply collateral estoppel bears the burden of making a record sufficient to establish that the doctrine applies. *See Pancake v. Reliance Ins. Co. (In re Pancake)*, 106 F.3d 1242, 1245 (5th Cir. 1997).

<u>11 U.S.C. § 523(a)(8)</u>

>(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
>
>>(8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for —
>>
>>>(A)(i) an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
>>>
>>>(ii) an obligation to repay funds received as an educational benefit, scholarship or stipend; or
>>>
>>>(B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual;

<u>26 U.S.C. § 221(d)(1)</u>

>(1) QUALIFIED EDUCATION LOAN: The term "qualified education loan" means *any* indebtedness incurred by the taxpayer solely to pay qualified higher education expenses:
>
>(A) which are incurred on behalf of the taxpayer, the taxpayer's spouse, or any dependent of the taxpayer as of the time the indebtedness was incurred,
>
>(B) which are paid or incurred within a reasonable period of time before or after the indebtedness is incurred, and
>
>(C) which are attributable to education furnished during a period during which the recipient was an eligible student.
>
>*Such term includes indebtedness used to refinance indebtedness which qualifies as a qualified education loan.* The term "qualified education loan" shall not include any indebtedness owed to a person who is related (within the meaning of section 267(b) or 707(b)(1)) to the taxpayer or to any person by reason of a loan under any

qualified employer plan (as defined in section 72(p)(4)) or under any contract referred to in section 72(p)(5).

"Related" Persons Exclusion

26 U.S.C. § 267(b) defines the "relationships" that are excluded from application of 26 U.S.C. § 221(d)(1). This subsection states, in part:

(b) Relationships.- - The persons referred to in subsection (a) are:

(1) Members of a family, as defined in subsection (c)(4);

Subsection (c)(4) of 26 U.S.C. § 267 states:

(c)(4) The family of an individual shall include only his brothers and sisters (whether by the whold or half blood), spouse, ancestors, and lineal descendants;

26 U.S.C. § 707(b)(1) defines a limited exclusion to 26 U.S.C. § 221(d)(1) regarding controlled partnerships, which is inapplicable here.

## Analysis

The Defendant asks this Court to examine the details of this debt with a focus on whether a debt existed, the nature of the debt, whether the debt was for educational purposes, and whether the debt is enforceable. While she makes excellent arguments supporting her position, the April Judgment answers all of these questions and closes the door to her because of collateral estoppel.

Here, the parties are the same as in the Saginaw Action which ended in the April Judgment. The Complaint in the Saginaw Action is detailed – it alleges all the necessary facts to support the April Judgment, as well as all elements of 11 U.S.C. § 523(a)(8) and 26 U.S.C. § 2221(d)(1). Finally, the Defendant had a full and fair opportunity to litigate these issues in the Saginaw Action, but chose not to do so.

To confirm the application of collateral estoppel to this case, the specific allegation in the Saginaw Action complaint met all of the requirements of 26 U.S.C. § 221(d)(1). The loan was incurred by the Defendant to pay her educational expenses to obtain her bachelor's and master's degrees, which satisfies subsection (A)-(C). The term indebtedness specifically includes refinancing and the Plaintiffs are not "related" as defined by either 26 U.S.C. §§ 267(b) or 707(b)(1) as an exclusion from application of 26 U.S.C. § 221(d)(1).

The Defendant raises strong arguments in defense of the motion for summary judgment, but all of those issues should have been raised in the Saginaw Action. Given the final nature of the April Judgment, the Court finds collateral estoppel prohibits any consideration of these arguments.

## Conclusion

The Plaintiffs met the requirements of Rule 56 and 11 U.S.C. § 523(a)(8). The Court grants their Motion for Summary Judgment and directs counsel for the Plaintiffs to prepare an order consistent with this Opinion and the entry of order procedures of this Court.

**Not for Publication**

**Signed on May 14, 2018**

/s/ Daniel S. Opperman
**Daniel S. Opperman**
**United States Bankruptcy Judge**